# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DANIEL VAN ALLEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 4:20-CV-01262 SEP |
| TAMI LAWSON, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Dismiss. Doc. 10. The Motion is fully briefed. For the reasons set forth below, the Motion is denied.

## BACKGROUND

Self-represented Plaintiff Daniel Van Allen is an inmate with the Missouri Department of Corrections (MDOC), confined at Farmington Correctional Center (FCC). Plaintiff is participating in the Missouri Sexual Offender Program (MOSOP) at FCC, which he claims is a requirement of his parole. Plaintiff alleges that there is an "ongoing and dangerous issue" at FCC of threats and extortion by gang members, who "intend to target gays, transgenders, and sex-offenders." Doc. 1 at 5, 9. Plaintiff identifies himself as fitting into two of these categories: gay and sex-offender. *Id.* at 6, 10.

Plaintiff brought this civil rights action under 42 U.S.C. § 1983 in September 2020 against four MDOC employees. On December 15, 2020, the Court dismissed multiple claims and defendants for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). *See* Doc. 4. The Court directed the Clerk to issue process against two defendants, Tami Lawson (FCC Warden) and John Hagerty (Functional Unit Manager at FCC), in their individual capacities only, as to Plaintiff's claims of First Amendment retaliation.

As relevant to his surviving claims against Defendants Lawson and Hagerty, Plaintiff's allegations are as follows. In March 2020, Plaintiff had a detention hearing with Defendant Functional Unit Manager John Hagerty. Doc. 1 at 7. Plaintiff asserts that when he complained to Hagerty about the gang extortion at FCC, he was "threatened" and told it was his own fault. *Id.* at 5, 7. Hagerty stated that if Plaintiff went "to the hole" again for

1

complaints concerning gang extortion, Hagerty would "make sure" Plaintiff lost his college classes and was transferred to a different facility. *Id.* at 7. A transfer would mean that Plaintiff could not participate in the MOSOP (which is only offered at FCC), and as a result, he would lose his parole date. *Id.* at 5-6. Plaintiff alleges he made his first extortion payment to an FCC gang member in the month after his meeting with Hagerty, because Plaintiff had realized that he would not get help from the FCC staff.

As to Defendant Lawson, Plaintiff alleges that he mailed the Complaint in this matter from FCC on August 31. *Id.* at 11. Two days later he was put in administrative segregation by Warden Lawson after she received a copy of Plaintiff's claims in this suit. Plaintiff states that he was placed in segregation for 30 days for filing this lawsuit and that he "will be kicked out" of his college classes, as threatened, as a result of the segregation. *Id.*

For relief, Plaintiff asks that Defendants and MDOC make some changes to their practices and policies, and he seeks $100,000 in "punitive monetary damages." *Id.* at 12-14.

## ARGUMENTS OF THE PARTIES

Defendants Lawson and Hagerty move for dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. 10. Defendants argue three points in their motion: (1) Plaintiff's Complaint must be dismissed because he failed to exhaust administrative remedies; (2) Plaintiff's claim for money damages is barred because he failed to plead facts establishing a physical injury; and (3) Defendants are entitled to the defense of qualified immunity. *Id.* at 4-8.

First, Defendants assert the Complaint is subject to dismissal for failure to exhaust administrative remedies. It is established that exhaustion of available administrative remedies is a mandatory prerequisite to a § 1983 suit for money damages under the Prison Litigation Reform Act (PLRA). 42 U.S.C. § 1997e(a). According to Defendants, Plaintiff failed to utilize MDOC's three-step grievance procedure for each of his claims, as required for exhaustion of administrative remedies.

Defendants contend that Plaintiff's claim to have been afraid to utilize the prison grievance process lacks credibility, given that he was not afraid to file this civil lawsuit. Defendants also question the credibility of Plaintiff's assertion that he has lost his access to MOSOP and class credits, as Plaintiff remains in custody at FCC. According to Defendants, Plaintiff failed to plead facts demonstrating that he attempted to use the grievance process

2

or that the process was unavailable to him. Defendants assert that a threat of retaliation by Hagerty is not enough to avoid exhaustion of the grievance process, citing an Eighth Circuit case holding that a plaintiff alleging excessive force against prison guards who threatened to kill him if he reported a beating was still required to exhaust administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 520-21 (2002) (holding that the PLRA's exhaustion requirement applies to single-incident claims affecting only particular prisoners, like excessive force suits).

Second, Defendants argue that Plaintiff is not entitled to money damages because he failed to plead any facts showing that he suffered a physical injury. Under the PLRA, a claim for mental or emotional injury is insufficient for money damages. 42 U.S.C. § 1997e(e). As such, Defendants assert that Plaintiff's claim for damages must be dismissed.

Third, Defendants assert that they are entitled to the defense of qualified immunity. Plaintiff has the burden of overcoming the Defendants' claim of qualified immunity, they contend, by proving that the facts alleged establish a violation of a constitutional right that was clearly established at the time of the violation. Defendants assert that Plaintiff has not pled enough to demonstrate the violation of a constitutional right and therefore, they are immune from suit.

In response, Plaintiff argues that he had valid reasons not to exhaust the MDOC grievance process. Doc. 12. He claims to have filed grievances in the past and experienced retaliation as a result. Plaintiff states that his lack of relief through past experience with the grievance process has left him with no faith in the system and a belief that it does not "actually work[]." *Id.* at 1. Plaintiff also argues that he did not have the time to exhaust his Complaint through the three-step process because "if the threats that were already being carried out had continued for that amount of time the loss of college courses, getting transferred and losing the opportunity for MOSOP would have all come to pass." *Id.* at 1-2. Plaintiff credits the filing of this lawsuit for his release from administrative protective custody, the reinstatement of his college courses, and the fact that he is now in MOSOP. *Id.* at 2. Plaintiff does not address Defendants' other arguments concerning lack of physical injury and qualified immunity in his Response in Opposition to the Motion to Dismiss.

In their Reply, Defendants note that Plaintiff admits that he failed to exhaust his administrative remedies, and they argue that his reasons for doing so are not sufficient to

3

avoid mandatory dismissal. Doc. 13. Defendants further argue that Plaintiff fails to allege that the grievance process was unavailable to him. *Id.* at 3. Defendants therefore claim the Complaint must be dismissed for failure to exhaust.

## LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim, a plaintiff's complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (quoting *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017)). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (internal quotation marks and citation omitted).

In civil rights actions, a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. Therefore, "a Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief." *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

## DISCUSSION

### I. Exhaustion of Administrative Remedies

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory for all suits about prison life and it is a prerequisite to bringing a federal suit. *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). A prisoner is not required to plead and demonstrate exhaustion in the complaint, however.

4

*Jones. v. Bock*, 549 U.S. 199, 212-16 (2007).  Failure to exhaust is an affirmative defense, which must be proven by the defendants.  *Id.*; *see also Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015).

Administrative remedies are "available" if they "are capable of use to obtain some relief for the action complained of." *Ross v. Blake*, 136 S.Ct. 1850, 1859 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)) (internal quotation marks omitted).  Inmates are excused from exhausting administrative remedies when prison officials prevent them from using the procedures, or when the officials themselves fail to comply with the procedures.  *Porter*, 781 F.3d at 452 (citing *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005)).  Furthermore, administrative remedies are not available "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 136 S.Ct. at 1860.  In such cases, the inmate is not required to exhaust his claims before suing in federal court.  *Id.*

The Eighth Circuit recently observed that other circuits have split on the test to determine whether fear of retaliation excuses an inmate from the PLRA's exhaustion requirements.  *East v. Minnehaha Cnty.*, 986 F.3d 816, 821 (8th Cir. 2021) (collecting cases).  Without taking a position on that split, the Eighth Circuit observed that, under either test, a plaintiff must show that the circumstances were such that fear of retaliation would have deterred a "reasonable inmate of ordinary firmness" from filing a grievance.  *Id.* (citing *McBride v. Lopez*, 807 F.3d 982, 988 (9th Cir. 2015) (finding that there must be basis in the record for threat of retaliation); *Lucente v. Cnty of Suffolk*, 980 F.3d 284, 313 (2d Cir. 2020) (requiring that inmate show a connection between threat of retaliation and filing grievance)).

Here, Defendants argue that Plaintiff admits in the Complaint that he has not exhausted his administrative remedies, and that he fails to allege that the grievance process was unavailable to him.  As noted above, however, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216.  The burden is on Defendants to demonstrate that Plaintiff failed to exhaust his available remedies.

Plaintiff alleges in the Complaint that he "was told this is not a grievable incident and if [he] persued [sic] it [he] would suffer consequences."  Doc. 1 at 3.  Plaintiff further alleges that Defendant Hagerty threatened him if he complained anymore about gang

5

violence at the prison, and that Lawson actually put him in administrative segregation when she received a copy of his lawsuit.  An administrative remedy is not available if a prisoner was not allowed to use it.  *Porter,* 781 F.3d at 452.  Nor is it available when prison administrators thwart its use through intimidation.  *Ross*, 136 S.Ct. at 1860.  Furthermore, Plaintiff alleges that retaliation was threatened (or actually occurred) in direct response to his complaints.  As such, Plaintiff has shown a clear connection between the threat of retaliation and the filing of a grievance or lawsuit.  His allegations are sufficient to demonstrate that the fear of retaliation would have deterred a reasonable inmate of ordinary firmness from filing a grievance.

Because a fact question exists as to whether administrative remedies were available to Plaintiff, Defendants have not met their burden of proving that Plaintiff failed to exhaust.  Thus, the Court will deny Defendants' motion to dismiss on this basis.

## II.     Physical Injury Requirement

Defendants argue that the PLRA bars Plaintiff's claim for money damages in this matter, because "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e).  But the Eighth Circuit has held that prisoners with First Amendment claims that do not involve physical injury have other avenues of recovery available, including nominal damages, punitive damages, and injunctive and declaratory relief.  *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004).

For relief in this matter, Plaintiff seeks some changes in FCC policy but also $100,000 in "punitive monetary damages due to stress, mental anguish, pain and suffering caused by mental stress, violation of civil rights, monetary loss." Doc. 1 at 14.  Liberally construing Plaintiff's allegations (as the Court must on a motion to dismiss a self-represented litigant's lawsuit), although Plaintiff does mention mental and emotional injury, he also describes his relief as "punitive" damages for "violation of civil rights." Because nominal and punitive damages are allowed for First Amendment claims without physical injury, Defendants' request for dismissal on this basis will be denied.

6

### III.     Qualified Immunity

Finally, Defendants assert the defense of qualified immunity.  Qualified immunity protects officials who acted in an objectively reasonable manner, shielding them from liability when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  To determine whether a defendant is entitled to qualified immunity, courts consider:  (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  "[D]efendants seeking dismissal under Rule 12(b)(6) based on an assertion of qualified immunity must show that they are entitled to qualified immunity on the face of the complaint."  *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017) (internal citations and quotations omitted).

Defendants do not contest that the second requirement of qualified immunity has been satisfied.  The right to be free from retaliation for availing oneself of a prison grievance process is clearly established in the Eighth Circuit.  *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013).  Instead, Defendants assert that "[n]one of the facts alleged by Plaintiff rise to a violation of rights by Defendants."  Doc. 10 at 9.

"To succeed on [a] § 1983 retaliation claim, [a plaintiff] must prove that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against [him] that would chill a person of ordinary firmness from engaging in that activity."  *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007).  Both the filing of a prison grievance and the filing of an inmate lawsuit are protected First Amendment activities.  *Id.*  Furthermore, according to the Eighth Circuit, "a threat of retaliation is sufficient injury [to support a First Amendment claim] if [the threat was] made in retaliation for an inmate's use of prison grievance procedures."  *Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994).

As to Functional Unit Manager John Hagerty, Plaintiff alleges that in March 2020 he was "threatened" by Hagerty at a detention hearing.  Doc. 1 at 5, 7.  According to Plaintiff, Hagerty told him that if he was put in administrative segregation again as a result of complaints, Hagerty would "make sure" that Plaintiff loses his college credits and gets

7

transferred to a different Missouri prison where he could not complete the treatment program needed for parole. *Id.* at 7.

At this early stage of litigation, Plaintiff need not prove all the elements of § 1983 retaliation; he need only adequately allege them on the face of the Complaint. As discussed by the Court in its December 15, 2020, Order, Plaintiff has alleged sufficient factual allegations against John Hagerty to avoid dismissal. Plaintiff asserts that he orally complained to Hagerty about gang extortion and violence at a detention hearing held after Plaintiff spent time in protective custody. That oral complaint and the resulting threat of retaliation are enough to state a claim of First Amendment retaliation by Hagerty. *See Endicott v. Hurley*, No. 2:14-CV-107 DDN, 2017 WL 76899, at *10 (E.D. Mo. Jan. 9, 2017) (finding prisoner's informal oral complaints as protected First Amendment activity for a retaliation claim). Hagerty's alleged threat would chill a reasonable person of ordinary firmness from continuing to engage in protected activity. Therefore, Plaintiff's Complaint alleges a violation of his rights by Defendant Hagerty, and that is enough to avoid dismissal on the basis of qualified immunity at this time. *See also Barton v. Taber*, 820 F.3d 958, 967 (8th Cir. 2016) (discussing the significance of the highly deferential motion to dismiss standard at this stage of the proceeding and affirming denial of qualified immunity).

Plaintiff likewise states a claim for First Amendment retaliation against Tami Lawson. According to Plaintiff, he was placed in administrative segregation by Lawson after she received a copy of the Complaint. Doc. 1 at 11. Filing a lawsuit is protected First Amendment activity, and placement in administrative segregation is an adverse action that would chill a reasonable person of ordinary firmness from engaging in that protected activity in the future. Thus, Plaintiff sufficiently alleges a violation of his First Amendment rights by Defendant Lawson to avoid dismissal on the basis of qualified immunity.

## CONCLUSION

Defendants' Motion to Dismiss will be denied. They have not met their burden of proving that Plaintiff failed to exhaust his administrative remedies. Plaintiff may seek nominal and punitive damages for his claim under the PLRA. And Plaintiff's allegations are sufficient to defeat the defense of qualified immunity at this stage of the litigation. Defendants will be directed to file an answer to Plaintiff's Complaint.

Accordingly,

8

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 10) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants shall file an answer to Plaintiff's Complaint within the time allowed by the Federal Rules of Civil Procedure.

Dated this 13th day of September, 2021.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE